# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUIS MIGUEL MUNIZ,<br><br>                    Petitioner,<br><br>          v.<br><br>BRYAN D. PHILLIPS,<br><br>                    Respondent. | Case No. 2:23-cv-05421-SPG-BFM<br><br>**ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed Petitioner Luis Miguel Muniz's ("Petitioner") Petition for Writ of Habeas Corpus by a Person in State Custody, (ECF No. 1 ("Petition")), the records on file, the Report and Recommendation of the United States Magistrate Judge, (ECF No. 22 ("Report")), and Petitioner's Opposition to the Report and Recommendation, (ECF No. 24 ("Objections")). The Court has made *de novo* determinations as to the portions of the Report to which Petitioner objects. The Report recommends denial of the Petition because the claims are untimely or otherwise not cognizable as federal habeas claims. (R. & R. at 5). For the following reasons, Petitioner's Objections do not warrant a change to the Report's findings or recommendations.

I.  **Petitioner's Objections**

Petitioner objects, arguing that the Report should be modified in light of *Bixby v. Stirling*, 90 F.4th 140 (4th Cir. 2024). (Objs. at 1). In *Bixby*, the Fourth Circuit held that a district court lacked jurisdiction to consider a filing, styled as a Federal Rule of Civil Procedure 60(b) motion, challenging the district court's prior denial of a petitioner's habeas petition. *Bixby*, 90 F.4th at 142–43. The Fourth Circuit affirmed the district court's conclusion that the Rule 60(b) motion was actually an unauthorized second or successive habeas petition. *Id.* at 154.

As an initial matter, out-of-circuit authority such as *Bixby* provides merely persuasive—not binding—authority for this Court. *Alperin v. Vatican Bank*, 410 F.3d 532, 546 n.8 (9th Cir. 2005). In any event, Petitioner appears to invoke *Bixby* to support his claim that "extraordinary circumstance[s]" warrant modifying the Report. (Objs. at 1). The Report thoroughly considered whether Petitioner presented the kind of "extraordinary case" of actual innocence that the Court could consider notwithstanding Section 2244(d)'s one-year statute of limitations. (R. & R. at 9–12). In light of Petitioner's Objections and the seriousness of the allegations of ineffective assistance of counsel contained in his Opposition to Respondent's Motion to Dismiss, (ECF No. 21 ("Opposition")), the Court first examines the timeliness of Petitioner's claims before evaluating whether he has set forth "proof of his innocence" sufficient to demonstrate "that a failure to entertain his claim would constitute a fundamental miscarriage of justice." *Larsen v. Soto*, 742 F.3d 1083, 1095 (9th Cir. 2013).

A.  **The Timeliness of Petitioner's Claims**

Under 28 U.S.C. § 2244(d), habeas petitions by persons in state custody are subject to a one-year statute of limitations beginning on the date on which the judgment became final, with time tolled for any "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d). Petitioner's conviction became final on July 21, 2009. (R. & R. at 6). The procedural background of Petitioner's case is complex, with Petitioner's efforts to seek post-conviction relief proceeding in fits and starts. *See*

(ECF No. 15 at 13–15). Even though Petitioner's first federal habeas petition, filed June 25, 2010, was timely, the instant Petition (Petitioner's third federal habeas petition) is not. After pursuing various avenues of relief between 2010 and 2011, Petitioner did not seek further relief from any court until 2020, when he filed his second state court habeas petition. (ECF No. 16-5). Any tolling period would have expired in the interim, bringing Petitioner's current claims well past Section 2244(d)'s one-year limitations period.

Nevertheless, the Report went on to evaluate whether Petitioner's 2020 petition for resentencing under California Penal Code Section 1170.95, (ECF No. 16-7 at 80–81), might make his claims timely. (R. & R. at 7). But even assuming that the California Court of Appeal's January 15, 2021, decision affirming the denial of Petitioner's request for resentencing constitutes a new judgment (an open question[1]), that decision became final on February 24, 2021. (*Id.*). Petitioner did not apply for relief until June 29, 2023, over two years after the California Court of Appeal's final decision, (Pet.), and his claims do not rely on new constitutional law or factual predicates, (R. & R. at 8). Accordingly, The Report properly concluded that Grounds One through Five asserted by Petitioner are time-barred. (R. & R. at 5–8).

### B. Petitioner's Claim of Actual Innocence

"In order to present otherwise time-barred claims to a federal habeas court . . . , a petitioner must produce sufficient proof of his actual innocence to bring him 'within the narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011) (quoting *Schlup v. Delo*, 513 U.S. 298, 314–15 (1995)) (internal quotation marks omitted). "[T]he petitioner must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327. This "extraordinarily high" threshold requires a "truly persuasive" showing of innocence. *Herrera v. Collins*, 506 U.S. 390, 417 (1993). In *Larsen v. Soto*, for example, the Ninth Circuit concluded that Larsen, the petitioner, had met this burden when he "produced witnesses who were never called to speak on his behalf

---

[1] As the Report noted, this issue appears to be pending before the Ninth Circuit. (*Id.*).

at his trial and who gave credible testimony that someone other than Larsen committed the acts for which he was convicted and sentenced, while Larsen stood nearby and did nothing at all, much less a criminal act." 742 F.3d at 1096. Similarly, in *House v. Bell*, a petitioner met the *Schlup* threshold when he called into question the central forensic evidence connecting him to the crime and "put forward substantial evidence pointing to a different suspect." 547 U.S. 518, 554 (2006).

Here, the Report correctly found that Petitioner's claim of actual innocence is insufficient to establish a standalone claim or to permit consideration of his time-barred claims. Petitioner's proffered evidence—his assertion that "seven alibi witnesses" are available to support his claim of innocence, (Pet. at 17), and his declarations of innocence, (*id.* at 52; Opp. at 18–24)—does not meet his heavy burden of presenting a "truly persuasive" showing of innocence, *Herrera*, 506 U.S. at 417. In Petitioner's own words, "he has not included any information about what his truth is nor what these witnesses will say." (Pet. at 17). The Report correctly concluded that Petitioner's claim that these witnesses "can support his innocence and/or identify the true shooter," (*id.*), is too vague and cursory to support a freestanding claim of innocence or to allow the Court to "conclude that the untimeliness of his claims is excused because he is actually innocent," (R. & R. at 11).

### C. Whether Petitioner May Receive an Evidentiary Hearing

The Report also correctly concluded that Petitioner has not met the threshold to warrant an evidentiary hearing.[2] (*Id.*). The AEDPA imposes express limitations on federal

---

[2] The Report cabined its analysis of the evidentiary hearing issue to whether Petitioner had met *Schlup*'s demanding standard for obtaining an evidentiary hearing based on a claim of actual innocence. For the reasons explained below, this analysis was more than sufficient. Because of the seriousness of Petitioner's allegations concerning his trial counsel's performance, however, the Court independently examined whether Petitioner qualified for an evidentiary hearing under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Although the Report relied on pre-AEDPA precedent in making its determination, the result is the same. As the AEDPA "reduced considerably" district

courts' power to grant evidentiary hearings in habeas cases. *Baja*, 187 F.3d at 1078. Under the AEDPA, "a district court presented with a request for an evidentiary hearing . . . must determine whether a factual basis exists in the record to support the petitioner's claim." *Id.* If not, and the petitioner "failed to develop the factual basis of a claim in State court proceedings," the court may hold an evidentiary hearing only if petitioner establishes one of two exceptions set forth by statute. 28 U.S.C. § 2254(e). Specifically, the petitioner must demonstrate that his new claim relies on (i) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review or (ii) facts that Petitioner could not have "previously discovered through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A). Furthermore, the petitioner must "demonstrate[] that the new evidence will establish his innocence 'by clear and convincing evidence.'" *Shinn v. Ramirez*, 596 U.S. 366, 371 (2022) (quoting 28 U.S.C. § 2254(e)(2)(B)). If, on the other hand, a state court did decide the factual issue, that determination "shall be presumed to be correct," and the petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). As the Supreme Court has explained, "[a]lthough state prisoners may sometimes submit new evidence in federal court, AEDPA's statutory scheme is designed to strongly discourage them from doing so." *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011).

Here, to the extent Petitioner seeks to supplement the record with new evidence about the allegedly ineffective assistance provided by his counsel, the Court concludes that "no evidentiary hearing is warranted under the circumstances." *Gonzalez v. Knowles*, 515 F.3d 1006, 1014 (9th Cir. 2008). Plaintiff has challenged his trial counsel's efficacy on a variety of grounds since his conviction. *See, e.g.*, (ECF No. 16-1 at 31–44; ECF No. 16-3 at 12–21). As relevant to Petitioner's current argument, the Court discerns two main claims. First, Petitioner contends that his counsel provided ineffective assistance regarding the seven purported alibi witnesses who would allow his claim of innocence to "be more

---

courts' discretion to grant evidentiary hearings, *Baja v. Ducharme*, 187 F.3d 1075, 1078 (9th Cir. 1999), this outcome is unsurprising.

fully developed." (Pet. at 17). Second, Petitioner now, for the first time, raises new allegations that his trial counsel not only exhibited racial animus towards him but was also under the influence of drugs and alcohol for the duration of his representation of Petitioner. (Opp. at 8, 14, 20–23).

Regarding Petitioner's alibi witnesses, Petitioner identified three of these individuals—and, indeed, provided more information about them, including a signed declaration from Lorena A.—in prior state court proceedings. (ECF No. 16-3 at 13; ECF No. 16-5 at 67–69, 79, 91–93, 103, 112, 115–17, 127, 135–36). Petitioner has not presented clear and convincing evidence demonstrating that the California courts' adjudication of his claims regarding these witnesses was "unreasonable" within the meaning of Section 2254(d). *See Pinholster*, 563 U.S. at 187 ("Section 2254(d) applies even where there has been a summary denial."). As for the remaining four witnesses, as well as his newly-articulated claims regarding his trial counsel's racial animus and substance abuse, the AEDPA's exceptions do not apply. Petitioner's ineffective assistance of counsel claims rely on the two-prong analysis articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). (Pet. at 18). *Strickland* is not new law. Petitioner also does not rely on new facts he could not previously have discovered. As alleged, Petitioner would have known of his trial counsel's purported misconduct as soon as it occurred and accordingly "had the opportunity in state proceedings to come forward with [this] evidence to support his allegation that Counsel was ineffective at trial, but failed to do so." *Baja*, 187 F.3d at 1079. In sum, Plaintiff has not satisfied either of AEDPA's exceptions for an evidentiary hearing.

### D. State Law Claims and Whether to Remand the Petition

The Report correctly found that Ground Seven, which seeks resentencing under various state and local laws, is not cognizable as a federal habeas claim. (R. & R. at 12–14). "[A] violation of state law standing alone is not cognizable in federal court on habeas." *Park v. California*, 202 F.3d 1146, 1149 (9th Cir. 2000). This conclusion also applies to Petitioner's invocation (in his Objections) of California Assembly Bill 256, which

amended the California Racial Justice Act ("CJRA"). (Objs. at 1). Claims brought under the CJRA are likewise not cognizable under federal habeas review. *See Rose v. Warden*, No. 2:22-cv-08155-DOC(LAL), 2023 WL 9601243, at *9 n.50 (C.D. Cal. Dec. 26, 2023) (collecting cases), *report and recommendation adopted*, No. 22:2-cv-08155-DOC(SHK), 2024 WL 520010 (C.D. Cal. Feb. 5, 2024).

Finally, Petitioner objects that his case should be remanded to "the lower court" (presumably to state court) so that he may exhaust any currently unexhausted state law claims. (Objs. at 1). Motions to remand apply only to cases removed to federal court, 28 U.S.C. § 1447; as Petitioner initiated this action in federal district court, remand procedures do not apply.

## II. CONCLUSION

Petitioner's objections are overruled.

**IT IS ORDERED** that (1) the Report and Recommendation is accepted and adopted; (2) Respondent's motion to dismiss is granted; and (3) Judgment shall be entered denying the Petition and dismissing the action with prejudice.[3]

DATED: March 28, 2024

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE

---

[3] Because the Court dismisses Petitioner's claims on the grounds that they are time-barred or not cognizable, it does not reach Respondent's other arguments.